116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George S. GIRGIS; Samia Fargalla; Diana Girgis; Sarah
Girgis, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70057, Adj-ztb-bmu, Alk-gha-jms, Abz-vwf-xto, Asl-rjn-aqh.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1997.**
Decided June 5, 1997.
 
 1
 Before: THOMPSON and T.G. NELSON, Circuit Judges, and FITZGERALD, District Judge.***
 
 
 2
 MEMORANDUM*
 
 
 3
 George Girgis (Girgis); his wife, Samia Fargalla (Fargalla); and their two daughters, Sarah and Diana Girgis, petition for review of the Board of Immigration Appeals' (BIA) decision denying their application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition for review.
 
 DISCUSSION
 
 4
 The petitioners argue the BIA erred by finding their testimony to be not credible. The BIA did not find the petitioners' testimony to be not credible and did not disregard that testimony in determining whether they had demonstrated persecution. Instead, the BIA assumed their testimony was true, but determined the evidence presented did not rise to the level of persecution.
 
 
 5
 The petitioners also argue the BIA erred by determining they had not demonstrated past persecution or a well-founded fear of persecution. Substantial evidence supports the BIA's decision. See Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (stating petitioners "must establish that the evidence not only supports the conclusion that [they] suffered persecution or [have] a well-founded fear of persecution, but compels it").
 
 
 6
 The petitioners are Egyptian citizens. In their application, they alleged religious persecution based on their membership in the Coptic Orthodox Church. Most of the evidence presented by the petitioners involved harassment and acts of violence by Muslim extremists.
 
 
 7
 The BIA correctly determined the petitioners had not demonstrated these incidents constitute persecution because they did not establish that the Egyptian government condones or is unable to control the extremists. See Elnager v. INS, 930 F.2d 784, 788 (9th Cir.1991); see also Ghaly v. INS, 58 F.3d 1425, 1431 (9th Cir.1995) (concluding "where private discrimination is neither condoned by the state nor the prevailing social norm, it clearly does not amount to 'persecution' "). The record also contains a State Department report which states, although the Egyptian government cannot always prevent attacks on Christian Copts, "[s]ecurity forces arrest extremists who perpetrate violence against Copts...."
 
 
 8
 Girgis testified the Egyptian government had discriminated against him by firing him from his employment with a governmental agency. This discrimination does not rise to the level of "persecution." See Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985). "Persecution is an extreme concept, which ordinarily does not include discrimination on the basis of race or religion, as morally reprehensible as it may be." Fisher, 79 F.3d at 961 (internal quotations and citation omitted). The petitioners did not present evidence that their ability to earn a livelihood was severely impaired. See Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988).
 
 
 9
 Substantial evidence supports the BIA's denial of the petitioners' application for asylum. Because the petitioners failed to satisfy the standard for asylum, they necessarily failed to satisfy the more rigorous standard for withholding of deportation. Ghaly, 58 F.3d at 1429.
 
 
 10
 The petition for review is DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 * The Honorable James M. Fitzgerald, United States District Judge for the District of Alaska, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3